## CENTRAL ACCEPTANCE CORP v RICHARDSON

Ohio Appeals, 9th Dist, Summit Co

No 1993. Decided Feb 4, 1932

C. W. Chorpening, Akron, for plaintiff in error.

Schwab & Heiser, Akron, for defendant in error.

**WASHBURN, J.**

A reading of the record brings us to the conclusion that, upon the undisputed facts shown by the record, the judgment in the Common Pleas Court should have been in favor of the Acceptance Corp.

The transaction between the Kenmore Garage Co. and the Acceptance Corp. was in fact a loan by the Acceptance Corp. to the Kenmore Garage Co., secured by a mortgage in the name of Byers upon a car of the Kenmore Garage Co., and was so intended by the parties. The Kenmore Garage Co. owned the car, and negotiated with the Central Acceptance Corp. and delivered the mortgage to it and obtained and used the money which the Acceptance Corp. paid for said mortgage, and as between said parties, said transaction was legal and binding, and as against the Kenmore Garage Co., the Central Acceptance Corp. had a right to take possession of said car and sell the same. Richardson was in no position to question the legality of the transaction between the Central Acceptance Corp. and the Kenmore Garage Co.; he was not a mortgagee in good faith within the meaning of §8560 GC; his mortgage was given to secure a pre-existing indebtedness of the Kenmore Garage Co., and any interest he obtained in said car by said mortgage was subject to the rights of the Central Acceptance Corp. (7 O. Jur., "Chattel Mortgages," §69); and upon these undisputed facts, the judgment should have been in favor of the Acceptance Corp.

Moreover, we are of the opinion that the conduct of Richardson, after it was discovered that two mortgages were on said car, was such as to preclude him from maintaining an action against the Central Acceptance Corp. for a conversion of the car. It is a well settled rule that if the owner expressly or impliedly consents to the disposition of his property, he cannot recover for a conversion thereof.

Richardson was a wholesale dealer in Chrysler cars, and was familiar with the practice of the Kenmore Garage Co. in financing demonstration cars; and assuming that Richardson, by taking his mortgage, could be considered as having the rights of the owner of said car, he made no objection to the claim of the Acceptance Corp, that it had a valid mortgage lien upon said car, superior to Richardson's rights in said car, and that it had a right to take possession of and sell said car to satisfy its lien; and Richardson, although he knew that, with the acquiescence of his agents, the Acceptance Corp. had taken possession of said car for that purpose, remained quiet until after the sale had been made. Under such circumstances, he at least impliedly consented to the sale of the car and could not thereafter recover for a conversion of the same.

The trial court should have granted the motion to the Acceptance Corp. for a judgment in its favor, and the judgment that was entered being contrary to law, is reversed and final judgment is entered in favor of the Acceptance Corp.

PARDEE, PJ and FUNK, J, concur.